J-A19020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                          :                     PENNSYLVANIA
                                          :

          v.                                  :
                                          :

WILLIAM KAREEM MIKE           :
                                          :

        Appellant                :       No. 2969 EDA 2022

Appeal from the PCRA Order Entered October 12, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at No:  CP-09-CR-0000646-1998

BEFORE:   BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:           **FILED DECEMBER 28, 2023**

Appellant, William Kareem Mike, appeals from the order entered in the

Court of Common Pleas of Bucks County (PCRA court), denying his fifth

petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The factual and procedural history of the case is undisputed.  Briefly,

> [o]n November 2, 1997, there were approximately twenty to thirty
> people hanging around outside the Bristol Garden Apartments.  At
> approximately 6 p.m. that evening, outside the N Building of those
> Apartments, the victim, Martino Cruz and [Appellant] began to
> argue over a woman.  The argument escalated as [Appellant]
> began pushing the victim and culminated with [Appellant]
> revealing his gun and saying he was going to shoot Cruz.
> [Appellant] fired four shots at the victim's feet.  [Victim] turned
> to walk away from [Appellant] when [Appellant] pistol-whipped
> him in the head with the side of the gun and the victim fell to the
> ground and covered his face with his hands.  [Appellant]

---

[*] Retired Senior Judge assigned to the Superior Court.

proceeded to kick and stomp the victim as he lay on the ground. Then [Appellant] bent down to the victim, put the gun against his head and shot and killed [the victim]. [Appellant] fled the area.

*Commonwealth v. Mike*, 2260 EDA 2000, unpublished memorandum at *2 (Pa. Super. filed June 14, 2001) (quoting Trial Court Opinion, 9/29/2000, at 1-2). *See also* PCRA Court Opinion, 1/5/2023, at 1.

On July 17, 2000, Appellant waived a jury trial and entered a guilty plea to a general charge of criminal homicide. The trial court then proceeded to his degree of guilt hearing. On July 18, 2000, at the conclusion of the hearing, the trial court found Appellant guilty of first-degree murder and sentenced him to life in prison.

On June 14, 2001, this Court affirmed his conviction. *See Commonwealth v. Mike*, 2260 EDA 2000, unpublished memorandum (Pa. Super. filed June 14, 2001). On December 11, 2001, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Mike*, 779 A.2d 1220 (Pa. 2001).

Subsequently, Appellant filed four PCRA petitions. None of them was successful.

On December 14, 2021, Appellant filed the underlying PCRA petition, his fifth, claiming that he discovered a new witness, Aisha Randolph, who was willing to testify that the murder was accidental. After holding a hearing on July 17, 2022, the PCRA court denied Appellant's fifth PCRA petition on October 12, 2022.

This appeal followed. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant argues that the discovery of a witness willing to testify that the murder was accidental qualifies as newly-discovered facts, rendering the instant petition timely, and that, on the merits, the new facts are after-discovered evidence that qualify him for relief under 42 Pa.C.S.A. § 9543(a)(2)(vi). We disagree.

On appeal,

> [w]e review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. **Id**. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. **Id.** This Court may affirm a PCRA court's decision on any grounds if the record supports it. **Id.** Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011). However, we afford no such deference to its legal conclusions. **Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011); **Commonwealth v. Reaves**, 923 A.2d 1119, 1124 (Pa. 2007). Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Colavita**, 993 A.2d 874, 886 (Pa. 2010).

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final,"[1] unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[2] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely

_____

[1] It is undisputed that the underlying PCRA petition is facially untimely. Appellant was sentenced on July 18, 2000. On June 14, 2001, we affirmed the judgment of sentence. On December 11, 2001, our Supreme Court denied Appellant's petition for allowance of appeal. If no petition for writ of certiorari is filed with the United States Supreme Court, as in the instant case, the judgment of sentence becomes final at the expiration of the 90-day period available to petition the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13.1. Accordingly, Appellant's judgment of sentence became final for purposes of the PCRA on March 11, 2002. Appellant had one year to file a timely PCRA petition (*i.e.*, March 11, 2003). The underlying petition was filed on December 14, 2021, which is more than 19 years after his judgment of sentence became final. Thus, the underlying PCRA petition is facially untimely, and it is not reviewable unless an exception to the time bar applies.

[2] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). If it is not timely, we cannot address the substantive claims raised in the petition. *Id.*

Appellant acknowledges that the underlying PCRA petition is facially untimely. He argues, however, that the underlying petition is timely under the newly-discovered facts exception, 42 Pa.C.S.A. § 9545(b)(2)(ii). Specifically, Appellant contends that the discovery of a witness, Ms. Randolph, now willing to testify regarding the underlying facts, qualifies as a newly-discovered fact.

Appellant's entire timeliness argument is summarized as follows:

> Ms. Randolph was a witness to the events that day. Ms. Randolph's account and proffered testimony of what she witnessed is her own unique recollection of the events which could not be discerned prior to communicating with her. And, as demonstrated by her intentional absence from the Commonwealth and her stated intent to avoid any involvement with this matter, [Appellant] could not have known that this witness would be willing to testify on his behalf. Under these circumstances, [Appellant] was unable to locate Ms. Randolph and, in any event, would not have been able to secure Ms. Randolph's testimony absent her recent willingness to testify in this matter. Thus, Appellant has satisfied the newly discovered [facts] exception.

Appellant's Brief at 10.

The newly-discovered facts exception requires a petitioner to plead and prove two elements: (1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017) (emphasis added). The focus of the exception is on the facts upon which the claim is predicated (here, the accidental shooting

defense), not the discovery of another conduit for known facts about his claim (here, witness's willingness to testify). *See*, *e.g.*, *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008). Appellant's discovery of a new willing source to testify on the accidental shooting defense does not transform the new source into an unknown fact for purposes of the newly-discovered facts exception. *See*, *e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008).

Additionally, the content of Ms. Randolph's statement (accidental shooting defense) was known to Appellant several months before the trial, when the Commonwealth disclosed Ms. Randolph's interview report to Appellant in pre-trial discovery (on or about June 19, 2000).[3]

_____

[3] The interview report summarized Ms. Randolph's statement as follows:

> [Appellant] pulled a gun from somewhere and fired three bullets at [victim]'s feet. [Victim] tried to walk away but [Appellant] hit him on the back of the head with the gun which knocked [victim] down to the ground. [Ms. Randolph] thinks that the gun went off as it struck the back of [victim]'s head. [Victim] was laying on his back covering his head with both hands as [Appellant] continued to hit [victim] with the gun. Every time that [Appellant] hit [victim] with the gun[,] the gun would fire in different locations. Everybody started running into the buildings because as [Appellant] was swinging the gun around it was pointing in many directions.

Commonwealth Exhibit PCRA C-1 (Addendum Report, Interview of Aisha Randolph, 12/1/1997, at 7), 7/18/22.

Thus, the facts adduced by Appellant to support his timeliness claim do not qualify as "facts," as understood under the PCRA; nor do they qualify as "unknown."

Because the underlying PCRA petition is facially untimely and given that Appellant failed to prove that he met the "newly-discovered facts" exception, we conclude that the PCRA court properly dismissed the underlying petition as untimely.[4]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/28/2023

_____

[4] Due to our conclusions, we do not need to address whether the claim raised here (accidental shooting defense) meets the after-discovered evidence ground for PCRA relief. *See*, *e.g.*, *Commonwealth v. Brown*, 111 A.3d 171, 177 (Pa. Super. 2015) (appellant's reliance on Section 9543 as a basis for asserting an after-discovered evidence claim under the PCRA did not suspend appellant's initial obligation to establish jurisdiction by alleging and proving (a) the existence of facts that were unknown to him and (b) his exercise of due diligence in discovering those facts, under 42 Pa.C.S.A. § 9545(b)(1)(ii)); *see also Burton*, 158 A.3d at 629 (and cases cited therein).